UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. BIANCHI,<br><br>                    Plaintiff,<br><br>          v.<br><br>JEFFREY A. BEARD,<br><br>                    Defendant. | No.  2:13-cv-2199-JAM-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1]  For the reasons stated below, the court finds that the complaint fails to state a claim upon which relief may be granted and should be dismissed with leave to amend.

**I.     Request to Proceed In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. His application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

---

[1] In addition to filing a complaint, plaintiff seeks leave to proceed in forma pauperis, and moves for a preliminary injunction and to "modify defendants."  ECF Nos. 2, 3, 8.

1 § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion
2 of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
3 relief may be granted," or "seeks monetary relief from a defendant who is immune from such
4 relief."  *Id.* § 1915A(b).

5       A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
6 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
7 plain statement of the claim showing that the pleader is entitled to relief, in order to give the
8 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
9 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
10 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
11 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S.
12 Ct. 1937, 1949 (2009).

13       To avoid dismissal for failure to state a claim a complaint must contain more than "naked
14 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
15 action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
16 a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*,
17 129 S. Ct. at 1949.

18       Furthermore, a claim upon which the court can grant relief must have facial plausibility.
19 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
20 content that allows the court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a
22 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
23 *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to
24 the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

25 **III.	The Complaint (ECF No. 1)**

26       In a detailed complaint, plaintiff alleges that he was confined to the Los Angeles County
27 Jail from 1979 to 1984.  He claims that since 1984, he has been confined to a Washington state
28 prison.  He claims that throughout his decades of incarceration, he has been denied access to

1  California courts and legal materials.  He claims to need such access in order to research an issue
2  regarding his 1979 plea agreement.  To demonstrate that he has been denied access to the courts,
3  plaintiff alleges that the Los Angeles County Superior Court denied his habeas petition in May of
4  2013.  He also alleges that in August of 2013, he wrote to the California Department of
5  Corrections and Rehabilitation (CDCR) requesting access to California law, but received no
6  response.  He also claims that on October 6, 2013, he wrote to Jeffrey Beard, the Secretary of the
7  CDCR and sole defendant in this action, but received no response.

**IV.    Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that it must be dismissed for failure to state a claim upon which relief may be granted.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Prisoners have a constitutional right of access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  This includes the right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011).  An inmate alleging a violation of this right must show that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).

In addition, "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing

1  prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.*
2  Inmates do not have "an abstract, freestanding right to a law library or legal assistance," and
3  "cannot establish relevant actual injury simply by establishing that [the] prison's law library or
4  legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351.  The right
5  to litigation assistance "is limited to the tools prisoners need in order to attack their sentences,
6  [either] directly or collaterally, and in order to challenge the conditions of their confinement."
7  *Silva*, 658 F.3d at 1102 (quotations omitted).

8      There are several defects in plaintiff's claim that he has been denied access to the courts.
9  Plaintiff alleges that he has filed various petitions with the California courts.  This directly
10 undermines his claim that he has been denied such access.  Moreover, a determination by a court
11 that plaintiff's petition lacks merit does not mean that his constitutional rights have been violated.
12 Plaintiff's only allegation against defendant Beard is that Beard did not reply to plaintiff's letter
13 "requesting access to California law." ECF No. 1 at 18.  Beard's alleged failure to respond to
14 plaintiff's broad request does not demonstrate that Beard had any personal involvement in
15 obstructing plaintiff's access to the courts or in limiting plaintiff's access to legal materials while
16 confined to a Washington state prison.  *See Samonte v. Bauman*, 264 F. App'x. 634, 636 (9th Cir.
17 2008) (plaintiff failed to state claim for deliberate indifference against governor where plaintiff
18 alleged only that he wrote letters to the governor complaining about his prison medical care but
19 received no reply).  There is no apparent basis for holding any California official liable for
20 denying plaintiff access to the courts, as officials in California are not responsible for and have no
21 control over plaintiff's conditions of confinement in Washington.  To the extent plaintiff believes
22 that his constitutional right of access to the courts is being restricted by officials in Washington,
23 he must name those individuals as defendants.

24     Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a
25 cognizable legal theory against a proper defendant and sufficient facts in support of that
26 cognizable legal theory.[2]  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

---

[2] Plaintiff's motion to "modify defendants," construed as a motion to amend the complaint, is denied as moot in light of this order granting plaintiff leave to file an amended complaint.

(district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**V.     Motion for Preliminary Injunction (ECF No. 2)**

Plaintiff filed a motion for a preliminary injunction, asking the court to "enjoin[ ] defendants from refusing access to, or ignoring requests for access to, California law and procedure materials."

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the courts ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching

power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

As discussed above, plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted. It necessarily follows that plaintiff has not demonstrated a likelihood of success on the merits of his claims. Accordingly, the motion for a preliminary injunction must be denied.

**VI.    Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 3) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Secretary of the Department of Corrections, Washington State, filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended

Complaint." Failure to comply with this order will result in dismissal of this action for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

    4.  Plaintiff's motion for injunctive relief (ECF No. 2) is denied.

    5.  Plaintiff's motion to "modify defendants," (ECF No. 8), construed as a motion to amend, is denied as moot.

Dated:  July 2, 2014.

                                            EDMUND F. BRENNAN
                                            UNITED STATES MAGISTRATE JUDGE