UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. BIANCHI,<br><br>            Plaintiff,<br><br>    v.<br><br>JEFFREY A. BEARD,<br><br>            Defendant. | No. 2:13-cv-2199-JAM-EFB P<br><br>ORDER AND RECOMMENDATION OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915A FOR FAILURE TO STATE A CLAIM |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint.[1]

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

---

[1] After plaintiff failed to timely file an amended complaint, the court recommended that this action be dismissed. ECF No. 14. However, the court subsequently granted plaintiff an extension of time and he timely filed an amended complaint. ECF Nos. 16, 17. Therefore, the court will vacate the earlier recommendation of dismissal.

1

In dismissing the original complaint with leave to amend (ECF No. 10), the court informed plaintiff of the standards governing his intended claim for denial of access to the courts. Plaintiff's amended complaint fails to correct the deficiencies in his claims. In the amended complaint (ECF No. 17), plaintiff alleges that he entered a guilty plea in the Los Angeles County Superior Court in 1979 and that he was confined to the Los Angeles County Jail from 1979 to 1984. He claims that since 1984, he has been confined to a Washington State prison. He alleges that he has successfully filed complaints and petitions in the California courts challenging his 1979 conviction and plea agreement, but that those filings have been denied. Plaintiff alleges that he has been unsuccessful in the California courts because of his lack of access to California legal materials. Plaintiff claims he has requested access to California legal resources without success. A Washington prison official allegedly informed plaintiff that Washington did not have the ability to provide him with materials regarding other state's laws. A California prison official allegedly informed plaintiff that California had no obligation to provide him with legal resources because he is not a California inmate.

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* Inmates do not have "an abstract, freestanding right to a law library or legal assistance," and "cannot establish relevant actual injury simply by establishing that [the] prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right to litigation assistance "is limited to the tools prisoners need in order to attack their sentences, [either] directly or collaterally, and in order to challenge the conditions of their confinement." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011). (quotations omitted). The right to legal assistance is limited to the pleading stage. *Id.*

Prisoners also have the right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Silva*, 658 F.3d at 1102. An inmate alleging a violation of this right must show that the

deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See Lewis*, 518 U.S. at 351; *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).

Plaintiff's amended complaint fails to cure the defects in his claim that he has been denied access to the courts. First, his complaint indicates that he has successfully filed complaints and petitions in the California courts and because the right to library access and legal assistance is limited to the pleading stage, plaintiff fails to state a claim that he has been denied access. *See Silva*, 658 at 1102-03. Second, plaintiff fails to plead facts showing that his litigation efforts were unsuccessful due to active interference by prison officials. *See id.* at 1103 (including a prison official's confiscation of a state court conviction transcript before an appeal as an example of "active interference"). The constitutional right of access to the courts is only a right to bring claims to the courts and not a right to litigate them effectively. *Lewis*, 518 U.S. at 354. Plaintiff's contention that the lack of legal materials available to him prevented him from litigating effectively once in court are not enough to state a proper claim for relief. *See id.* at 351.

Despite notice of the complaint's deficiencies and an opportunity to amend, plaintiff is unable to state a proper claim for relief. Therefore, this action is dismissed, without further leave to amend, for failure to state a claim upon which relief could be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that the August 28, 2014 findings and recommendations (ECF No. 14) are vacated.

/////

/////

1    Further, IT IS HEREBY RECOMMENDED that the amended complaint (ECF No. 17) be
2 dismissed for failure to state a claim upon which relief may be granted and that the Clerk be
3 directed to close the case.
4    These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
6 after being served with these findings and recommendations, any party may file written
7 objections with the court and serve a copy on all parties.  Such a document should be captioned
8 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
9 objections shall be served and filed within fourteen days after service of the objections.  The
10 parties are advised that failure to file objections within the specified time may waive the right to
11 appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*
12 *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
13 DATED:  September 23, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE